UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRACEY SCAGGS<br>670 Hancock Ave., Apt. L<br>Akron, OH 44314<br><br>on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>INCEPT CORPORATION<br>c/o Statutory Agent Salvatore L. Falletta<br>2189 E. Park Drive<br>Uniontown, OH 44685<br><br>    and<br><br>SAM FALLETTA<br>4150 Belden Village St. NW, #205<br>Canton, OH 44718<br><br>    Defendants. | CASE NO. 5:21-cv-1285<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Tracey Scaggs, by and through undersigned counsel, and for her Complaint against Incept Corporation and Sam Falletta (collectively, "Defendants"), states and alleges the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of not paying their non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards

Act ("OMFWSA"), R.C. § 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Summit County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant Incept Corporation was a for-profit corporation, organized and existing under the laws of the State of Ohio.

8. Upon information and belief, at all times relevant herein, Defendant Sam Falletta was a resident of Stark County, Ohio.

9. Defendant Falletta is Incept Corporation's chief executive officer.

10. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2). At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning

of 29 U.S.C. § 203(s)(1). At all times relevant herein, Defendant Falletta had control over Defendant Incept Corporation's day-to-day business operations and had authority to, among other things, hire and fire employees, direct and supervise employees' work, sign on each of Defendant Incept Corporation's checking accounts including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

11. At all times relevant herein, Defendants performed related activities through unified operation and common control for a common business purposes, and thus operated as a single enterprise within the meaning of 29 U.S.C. § 203(r)(1).At all times relevant herein, Defendants were joint employers within the meaning of 29 U.S.C. § 207 and 29 C.F.R. § 791.2.

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendants operate a telemarketing company in Canton, Ohio that provides marketing services through email, social media, direct mailing, and other communication methods.

15. Plaintiff has been employed by Defendants since approximately November 24, 2019.

16. Defendants employed Plaintiff and other similarly-situated employees as call center employees, including Conversational Marketing Experts and Accounts Specialists, who perform telemarketer job duties.

17. At all times relevant herein, Plaintiff worked for Defendants out of her residence in Akron, Ohio.

18. Defendants employ several hundred employees as Conversational Marketing Experts and Accounts Specialists who are similarly situated to Plaintiff.

19. Defendants classified Plaintiff and other similarly-situated employees as non-exempt employees under the FLSA.

20. Defendants paid Plaintiff and other similarly-situated employees on an hourly basis.

21. Plaintiff and other similarly-situated employees frequently worked over 40 hours per week for Defendants.

22. At all times relevant herein, Plaintiff has worked, on average, between 45 and 50 hours each week.

**(Failure Pay for Time Spent Starting, Logging Into and Out Of, and Running Computer Systems and Applications)**

23. Defendants required Plaintiff and other similarly-situated employees to perform unpaid work before clocking in each day, including, but not limited to, starting, logging into, and running Defendants' computer systems and software applications.

24. However, Defendants arbitrarily failed to record the time that Plaintiff and other similarly-situated employees spent starting, logging into, and running Defendants' computer systems and software applications as "hours worked".

25. Plaintiff estimates that she spent approximately ten minutes each day starting, running, and logging into Defendants' computer systems and software applications.

26. Plaintiff and other similarly-situated employees performed this unpaid work each workday and it constituted part of their fixed and regular working time.

27. Starting, logging into, and running Defendants' computer systems and software applications were integral and indispensable to Plaintiff's and other similarly-situated employees'

principal job activities.

28. By common policy and practice, Defendants required Plaintiff and other similarly-situated employees to start, log into, and run the computer systems and necessary software applications before their shifts began.

29. Starting, logging into, and running Defendants' computer systems and software applications was necessary for Plaintiff and other similarly-situated employees to perform their job duties.

30. Plaintiff and other similarly-situated employees started, logged into, and ran Defendants' computer systems and software applications to benefit Defendants.

31. This unpaid work, which Plaintiff and other similarly-situated employees performed, was practically ascertainable to Defendants.

32. Recording this unpaid work, which Plaintiff and other similarly-situated employees performed, for payroll purposes was neither practically nor administratively difficult, as Defendants could have precisely recorded such time simply by allowing them to clock in before they began starting, running, and logging into the computer systems and software applications.

33. Defendants knowingly and willfully failed to pay Plaintiff and other similarly-situated employees for time spent starting, running, and logging into Defendants' computer systems and numerous software applications.

**(Failure to Include Bonuses in Overtime Calculations)**

34. In addition to hourly wages, Defendants paid bonuses to Plaintiff and other similarly-situated employees.

35. The bonuses were nondiscretionary bonuses that Defendants announced to Plaintiff and other similarly-situated employees to induce them to work efficiently.

36. However, Defendants failed to include such bonuses in the regular rate of pay when calculating overtime compensation for Plaintiff and other similarly-situated employees.

37. As a result of Defendants' failure to include bonuses when calculating overtime compensation, Defendants denied Plaintiff and other similarly-situated employees additional overtime compensation amounts.

**(Failure to Pay Overtime Compensation)**

38. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all the hours they worked over 40 each workweek.

39. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

40. Defendants failed to make, keep, and preserve records of the unpaid work that Plaintiff and other similarly-situated employees performed while they were logged out of Defendants' computer systems.

**(Defendants Willfully Violated the FLSA)**

41. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

42. Prior to this action, Defendants were named as defendants in other actions alleging FLSA violations that were substantially similar to the actions this Complaint describes. Defendants were each named as defendants in *Rankin v. Incept Corporation*, Northern District of Ohio case number 5:20-cv-00436-BYP, and Defendant Incept Corporation was named as a defendant in *Welch v. Incept Corporation*, Northern District of Ohio case number 5:12-cv-01775-LW.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings Count One of this action on her behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

44. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All former and current call center employees, including Conversational Marketing Experts and Accounts Specialists, who were employed by Incept Corporation at any time during the period beginning three years preceding this action's commencement through the present; however, individuals who opted into the class of persons that asserted claims in *Rankin v. Incept Corporation*, Northern District of Ohio case number 5:20-cv-00436-BYP, must have been employed by Incept Corporation at any time from May 25, 2020 through the present.

45. Plaintiff cannot currently state the exact size of the potential class, but upon information and belief avers that it consists of at least several hundred persons.

46. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for improperly rounding starting and stopping times, failing to include bonuses earned in calculating overtime compensation, unpaid wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated regarding their wages and claims for unpaid wages and damages. Plaintiff is representative of these other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

47. These similarly-situated employees are known to Defendants and readily identifiable through Defendants' business and payroll records. These individuals may readily be

notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current call center employees, including Conversational Marketing Experts and Accounts Specialists, who were employed by Incept Corporation at any time during the period beginning three years preceding this action's commencement through the present; however, individuals who opted into the class of persons that asserted claims in *Rankin v. Incept Corporation*, Northern District of Ohio case number 5:20-cv-00436-BYP, must have been employed by Incept Corporation at any time from May 25, 2020 through the present.

49. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot currently state the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of several hundred persons.

50. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

   (a) whether Defendants failed to pay overtime compensation to its employees for time worked in excess of 40 hours each workweek; and

   (b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendants' violation of R.C. § 4111.03 and § 4111.10.

51. The named Plaintiff's claims are typical of other Ohio Class members' claims. The named Plaintiff's claims arise out of Defendants' same uniform course of conduct, and are based on the same legal theories, as the other Ohio Class members' claims.

52. The named Plaintiff will fairly and adequately protect the Ohio Class' interests.

Her interests are not antagonistic to, but rather are in unison with, the other Ohio Class members' interests. The named Plaintiff's counsel has broad experience handling class action wage-and-hour litigation and is fully qualified to prosecute the Ohio Class' claims in this case.

53. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

54. A class action is superior to other available methods to fairly and efficiently adjudicate this controversy. Requiring Ohio Class members to pursue their claims individually would entail numerous separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that the members would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before logging in each day and after logging out each day violated the FLSA, 29 U.S.C. § 207.

57. Defendants' practice and policy of failing to include bonuses that Plaintiff and similarly-situated employees earned when calculating their overtime compensation violated the FLSA, 29 C.F.R. § 778.209(a).

58. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

59. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 C.F.R. § 516.2(a)(7).

60. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the FLSA.

61. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before logging in each day and after logging out each day violated the OMFWSA, R.C. § 4111.03.

64. Defendants' practice and policy of failing to include bonuses that Plaintiff and similarly-situated employees earned when calculating their overtime compensation violated the OMFWSA, R.C. § 4111.03.

65. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. § 4111.03.

66. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the OMFWSA, R.C. § 4111.03.

67. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the OMFWSA.

68. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively prays that this Honorable Court hold Defendants jointly and severally liable and:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes she represents actual damages for unpaid wages;

D. Award Plaintiff and the classes she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the classes;

E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes she represents further and additional relief as this

Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
Alanna Klein Fischer (0090986)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
anthony@lazzarolawfirm.com
alanna@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiff
