UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY SCAGGS, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 5:21-cv-001285 |
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE AMANDA M. KNAPP |
| vs. | ) ) ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| INCEPT CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) | |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release, the General Settlement and Release Agreement, and the Declaration of Alanna Klein Fischer, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1. On July 2, 2021, Representative Plaintiff Tracey Scaggs filed this Action as a result of Defendants' alleged failure to pay Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they allegedly worked over 40 each workweek, and for all hours allegedly worked in alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy alleged violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

2. Specifically, Plaintiff alleged that Defendants violated the FLSA and the OMWFSA by failing to pay hourly customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives for

performing the following work: (a) starting and logging into Defendant Incept's computer systems, numerous software applications, and phone system; (b) shutting down and logging out of Defendant Incept's computer systems, numerous software applications, and phone system; and (c) performing other work while not logged into call programs. Plaintiff also alleged that Defendants violated the FLSA by not including bonuses and/or shift differentials in the regular rate of pay for purposes of calculating overtime compensation to its non-exempt hourly employees.

3. On August 30, 2021, Defendants filed their Answer and Affirmative Defenses, denying each and every substantive allegation, and have maintained that they have complied with, or exceeded, all of their obligations under the FLSA and the OMFWSA, and all other applicable wage and hour laws, throughout the duration of this lawsuit.

4. On November 9, 2021, Plaintiff filed a motion for conditional class certification. (ECF No. 20.)

5. On January 4, 2021, the Parties filed a proposed stipulation to conditional class certification. On January 12, 2021, Judge Amanda M. Knapp held a case management conference. On January 14, 2022, the Parties filed an amended stipulation to conditional class certification and notice (ECF No. 29), which Judge Knapp approved on January 18, 2022 (ECF No. 30). The conditional class certification was for the following individuals:

> former and current customer services representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Incept Corporation:
> a) Between January 1, 2019 and the present for individuals who did not opt into the class of persons that asserted claims in Rankin v. Incept Corporation, Northern District of Ohio case number 5:20-cv-00436-BYP (the "Rankin Case"):
> b) Between May 25, 2020 and the present for individuals who did opt into the class of persons that asserted claims in the Rankin Case.

Notice went out to 2,024 individuals. Upon the notice period's close, 247 Plaintiffs, including Plaintiff Scaggs, had opted into the case.

6. On July 15, 2022, the Parties entered a Stipulated Protective Order. (ECF No. 45.) Following the Stipulated Protective Order, Defendants produced time and pay records for the Plaintiffs who opted into the case.

7. After Plaintiffs' counsel received the time and pay records, the Parties exchanged numerous emails and discussed the Parties' respective analyses of the data.

8. On January 12, 2023, the Parties attended mediation before Magistrate Judge Grimes. The mediation was successful.

9. The Parties have agreed to settle this Action on the terms set forth in the Joint Stipulation of Settlement and Release and the General Settlement and Release Agreement (collectively, the "Agreement" and embodying the "Settlement"), attached as Exhibits 1 and 2, respectively, to the Parties' Joint Motion.

10. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Opt-In Party Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

11. The Court approves the Agreement and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff and the Opt-In Party Plaintiffs (collectively, "Plaintiffs").

12. The Court finds that the proposed allocation and calculation of the Individual Payments to Plaintiffs are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Opt-In Party Plaintiffs and the Individual Payments. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

13. The Court approves the Service Award Payment to Representative Plaintiff Tracey Scaggs in recognition of her service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Agreement.

14. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

15. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except and otherwise provided by the Agreement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this 2nd day of March, 2023.

s/Amanda M. Knapp
MAGISTRATE JUDGE AMANDA M. KNAPP